# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

No. 07-20410

v.

HON. PAUL D. BORMAN

**MICHAEL L. SCHUTTPELZ,**

      **Defendant.**

_____/

## STIPULATED ORDER FOR PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION OF DEFENDANT

This matter is before the Court on a Motion for Judicial Determination of Mental Competency of the Defendant Michael Schuttpelz (Dkt. No. 12) filed by defendant's counsel Robert M. Kalec on January 28, 2008. In the Motion, Attorney Robert Kalec requests that the Court order an evaluation of the Defendant to determine his mental competency in accordance with the Insanity Defense Reform Act of 1984, 18 U.S.C.§ 4241, *et seq*. In the Motion, Attorney Kalec advises the Court that he has reasons to question the Defendant's competency to stand trial and/or Defendant's ability to properly assist in his defense. The Motion is supported by a Declaration of Attorney Kalec describing in detail the bases for the Motion.

Counsel for the United States does not object (and believes it a prudent step) to order a psychiatric/psychological examination of the Defendant.

Based upon defense counsel's representations, the Court finds that there is a reasonable cause to believe that the Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to stand trial or to assist properly in his defense.

Accordingly, the Court hereby **GRANTS** the Motion for Judicial Determination of Mental Competency of the Defendant Michael L. Schuttpelz and **ORDERS** the following:

1. Pursuant to 18 U.S.C.§ 4247(b), the Defendant is committed to the custody of the United States Attorney General or his designated representative for placement in a suitable facility closest to this Court for examination by a licensed or certified psychiatrist or psychologist. The period of commitment is for such a reasonable period of time as needed to fulfill the requirements of this Order, but not to exceed thirty (30) days.[1] *See* 18 U.S.C.§4247(b). The statutory commitment period provided in 18 U.S.C.§4247(b) shall not commence until the day the Defendant arrives at the facility for evaluation.

2. The examination shall determine whether at this time there is reasonable cause to believe that the Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and the consequences of the proceedings against him or to assist properly in his defense. This examination shall be conducted as soon as practicable upon arrival at the facility.

3. The appropriate authorities of the facility shall render as soon as practicable a written report with respect to the matters set forth above pursuant to 18 U.S.C.§4247(c). This report shall be filed with the Court, with copies to counsel for the Defendant and the Government. The report shall include:

    a. The Defendant's history and present symptoms;
    b. A description of the psychiatric, psychological, and medical tests that were employed and their results;
    c. The examiner's findings; and
    d. The examiner's opinions as to diagnosis, prognosis, and whether the Defendant suffers from a mental disease or defect to the extent that he is

---

[1] The director of the facility may apply for a reasonable extension, but not to exceed fifteen (15) days under section 4241. *See* 18 U.S.C.§4247(b).

unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

The Court further **ORDERS** the period of delay resulting from the examination process to determine the mental competency of the Defendant shall be excluded in computing the time within which the trial of this case must commence pursuant to the Speedy Trial Act, 18 U.S.C.§3161(h)(l)(A).

Upon receipt of the report, the competency issue will then proceed to an in-court hearing pursuant to 18 U.S.C.§4247(d). Accordingly, the Court **SETS** this matter for a competency hearing on ___March 18___, 2008, at ___3:00 p.m.___ before the undersigned Judge to review the written report and make a determination on the competency of the Defendant.

The Court **VACATES** the current settings in this matter, including all pre-trial dates and the March 4, 2008 Jury Trial setting, all to be reset by separate Order.

        S/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated: February 5, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 5, 2008.

        S/Denise Goodine
        Case Manager

The parties stipulate to the entry of this Order.

s/ Robert M. Kalec                                       s/John N. O'Brien w/ consent

Robert M. Kalec (P38677)  John N. O'Brien (P39912)
Attorney for Defendant  Assistant U.S. Attorney
801 West Big Beaver Road, Fifth Floor  211 W. Fort Street, Suite 2001
Troy, MI 48084-4767  Detroit, MI 48226
248-362-1300  313-226-9715
rkalec@dflaw.com  john.obrien@usdoj.gov

Dated: February 4, 2008