UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,           CRIM. CASE NO. 07-20410

v.                                 PAUL D. BORMAN
                                 UNITED STATES DISTRICT JUDGE

MICHAEL SCHUTTPELZ,

        Defendant.
_____/

ORDER
(1) GRANTING GOVERNMENT'S MOTION TO ADMIT PRIOR ACTS
PURSUANT TO FEDERAL RULES OF EVIDENCE 404(b) AND 414;

(2) SEVERING COUNTS 1 AND 3 DUE TO SIGNIFICANT IRREPARABLE
PREJUDICE FROM GOVERNMENT'S INTRODUCTION OF EVIDENCE
OF DEFENDANT'S PRIOR CHILD MOLESTATION CONVICTION
PURSUANT TO FRE 414 WHICH GOVERNS COUNTS 2, 4, 5 AND 6;

(3) DENYING DEFENDANT'S MOTION TO SEVER COUNT 2 FROM COUNTS 4, 5 AND 6

      The Government has moved to admit prior act evidence of Defendant Michael Schuttpelz pursuant to Federal Rules of Evidence (FRE) 404(b) and 414. Specifically, Defendant has a prior conviction for molesting a 13 year old first in Iowa that the Government seeks to introduce pursuant to FRE 414, which states that:

> "[I]n a criminal case where a defendant is accused of an offense of child molestation, evidence of the defendant's conviction of another offense or offenses of child molestation is admissible and may be considered for its bearing on any matter to which it is relevant."

      The Second Superseding Indictment contains 6 Counts, two of which do not come under FRE 414 – Count 1 (Attempted Enticement/Coercion, 18 U.S.C. § 2422(b)), and Count 3 (Travel

With Intent to Engage in Illicit Sexual Conduct, 18 U.S.C. § 2423(b)). The remaining four counts charge crimes that come under FRE 414:

> Count 2 – Aggravated Sexual Abuse, 18 U.S.C. § 2241(c)
> Count 4 – Distribution of Child Pornography, 18 U.S.C. §§ 2252(A)(a)(2) and (b)(1)
> Count 5 – Possession of Child Pornography, 18 U.S.C. §§ 2252(A)(a)(5) and (b)(2)
> Count 6 – Transportation of Child Pornography, 18 U.S.C. §§ 2252(A)(a)(1) and (b)(1).

Defendant has moved to sever Counts One to Three from Counts Four to Six claiming prejudice.

Insofar as Congress, in FRE 414, requires admission at trial of evidence of a prior child molestation offenses, the Court finds admissible Defendant's prior conviction, noted by the Government – but only as to the Counts that come under 414; Counts 2, 4, 5 and 6.

FRE 404(b) states that while evidence of other crimes, wrongs, or acts is <u>not admissible</u> to prove the defendants character <u>to show he acted in conformity</u> with his character, it may

> be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

As to Counts 1 and 3, where FRE 414 does not apply, the Court in the exercise of its discretion under FRE 404(b), finds that the introduction of evidence of Defendant's prior conviction for child molestation would improperly establish predisposition – that he acted in conformance with his character.  The Court further finds that such evidence would be more prejudicial than probative, under FRE 403, and further, that a curative jury instruction limiting the jury's consideration of this highly inflammatory evidence to Counts 2, 4, 5 and 6 would not suffice to cabin the extensive prejudice from the introduction of such evidence.

In addition to the prior Iowa conviction, the Government also seeks to introduce several chats recovered from the archives of Defendant's Yahoo account on his laptop computer revealing his solicitation of several minors online.

The Government supports admitting these attempts at trial "to show his intent in traveling to Detroit, as well as his modus operandi and lack of mistake."  The Government also seeks 404(b) admission of his prior solicitations of mothers of young children.

As to online solicitation of other children, the Government seeks to admit evidence of Defendant's solicitation of two other young girls, one of whom he actually met, and another whom he did not, to show his intent and modus operandi – use internet chat to earn his victims' trust, then meet them to commit unlawful sexual acts.

In the instant case, the Government must prove Defendant's intent in crossing state lines in addition to his knowing distribution and possession of child pornography.

The Court concludes that pursuant to FRE 414, it is proper for the jury to consider the Defendant's prior child molestation offense when evaluating his intent when he crossed state lines, and that he knowingly distributed images that he knew were child pornography and knowingly possessed them, and finally, that his prior sex offense demonstrates his interest in sexual abuse of young girls.

The Court also will admit prior acts of online solicitation – "chats" with:

    christina_kellum
    brownie 542563
    erinkayinua
    sluttrach5
    hugs_n_giggles4eva

The Court will admit these prior solicitations pursuant to FRE 404(b) as they involve the same

modus operandi and intent.

While this evidence will be prejudicial, it is proper under FRE 404(b), and is not more prejudicial then probative under FRE 403.

The Court will provide proper limiting instructions, and requests that the parties jointly prepare them.

Finally, Defendant has moved pursuant to Federal Rules of Criminal Procedure 8 and 14, to sever Counts 1, 2 and 3 from trial of Counts 4, 5 and 6.  This Opinion, *supra*, has severed Counts 1 and 3 from the instant trial based on evidence rulings.  The Court, however, concludes that Count 2 should proceed to trial along with Counts 4, 5 and 6.

Count 2 charges Aggravated Sexual Abuse; Counts 4, 5 and 6 charge Child Pornography offenses.

Count 2 states that on May 31/June 1, 2007, Defendant crossed "a state line while traveling from . . . Nebraska to . . . Michigan with the intent to engage in a sexual act with . . . a six-year-old girl and a three-year old girl . . .".

Counts 4, 5 and 6 deal with child pornography.  Count 4 charges distribution of child pornography from April 5, 2007 through May 22, 2007.  Count 5 charges possession of child pornography on June 1, 2007 – the date of the offense charged in Count 2.  Count 6 charges transportation of child pornography on May 31/June1, 2007 – the date of the offense charged in Count 2.

F.R.Crim.P. 8(a) provides that an indictment may charge two or more offenses based on similar character, or the same act or transaction, or be connected with or constitute parts of a common scheme or plan.

Count 2 involves crossing state lines and traveling relating to child sexual abuse. Counts 5 and 6, charge transporting and possessing the child pornography during the same travel and time period as in Counts 2.

Further evidence of Defendant's child pornography distribution, transportation and possession – Counts 4, 5, and 6 – will be relevant to demonstrate an intent to travel to Detroit for sexual relations with minor children.

The Court finds that these multiple counts charge overlapping proof of a common scheme or plan, which are properly joined together so as to satisfy F.R.Crim.P. 8(a).

Defendant seeks relief from prejudicial joinder under F.R.Crim.P. 14(a) – which speaks to relief if joinder of offenses appears to prejudice a defendant.

In the instant case, the Court finds that the joinder is proper and that Defendant will not be improperly prejudiced by proceeding to trial on Count 2, 4, 5 and 6. The facts proofs relating to Counts 2, 4, 5 and 6 would all be admissible in the instant trial.

This case involves sexual exploitation of children, and the chats, images, and conduct are properly joined for the jury trial.  Thus there will not be improper prejudice to Defendant from the joinder, and severance is not justified.  Defendant has not shown "compelling, specific, and actual prejudice" to justify severance.  See *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005). Accordingly, Defendant's Motion to Sever is DENIED.

Accordingly, the Court rules admissible the FRE 404(b) and 414 matters noted above, but severs Counts 1 and 3 from this trial due the severe, irreparable prejudice from the introduction, pursuant to FRE 414, of Defendant's prior conviction for child molestation as to Counts 2, 4, 5 and 6.  Finally, the Court DENIES Defendant's Motion to Sever Count 2 from the trial of Counts

4, 5 and 6.

      SO ORDERED.


                                          S/Paul D. Borman
                                          PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

Dated: January 22, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 22, 2010.


                                          S/Denise Goodine
                                          Case Manager