UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

MICHAEL L. SCHUTTPELZ,

        Defendant.
_____/

No. 07-20410

District Judge Paul D. Borman
Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

Before the Court are the government's Motion to Strike Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255 [Doc. #158] and Defendant Michael L. Schuttpelz' Motion in Opposition [Doc. #159], which have been referred for Reports and Recommendations under 28 U.S.C. § 636(b)(1)(B). I recommend that the government's motion be GRANTED, and that Defendant's motion to vacate be STRICKEN. I further recommend that Defendant's motion in opposition be DENIED.

**I.   BACKGROUND**

Following a jury trial, Defendant was convicted of Aggravated Sexual Abuse, 18 U.S.C. § 2241(c), Distribution of Child Pornography, 18 U.S.C. § 2252(a)(2), Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B), and Transportation of Child Pornography, 18 U.S.C. § 2252A(a)(1). He was sentenced to concurrent terms on each count, resulting in a sentence of 38 years imprisonment [Doc. #112]. The Sixth Circuit

affirmed his convictions [Doc. #142], and the United States Supreme Court denied a writ of certiorari [Doc. #145].

Defendant then filed a motion to vacate sentence under 28 U.S.C. § 2255. His submission totals 208 pages [Doc. #150]. The government moves to strike his motion as violative of E.D. Mich. L.R. 7.1(d)(3).

In response, the Defendant filed a self-styled Motion in Opposition of the Government's Motion to Strike [Doc. #159], in which he argues that because of the number of issues he raises, and in deference to his *pro se* status, his motion to vacate "should be allowed to stand and be heard by this Court."

## II.   DISCUSSION

E.D. Mich. Local Rule 7.1(d)(3)(A) governs the length of briefs filed in support of motions. In its current form, the Rule provides as follows:

> **(3) Length of Briefs.**
>
> (A) the text of a brief supporting a motion or response, including footnotes and signatures, may not exceed 25 pages. A person seeking to file a longer brief may apply ex parte in writing setting forth the reasons.

In addition, L.R. 7.1(b)(1) requires that all motions must comply with L.R. 5.1. In turn, L.R. 5.1(a)(3) provides that all papers presented for filing "must be no smaller than 10-1/2 characters per inch (non-proportional) or 14 point (proportional). At the time Defendant filed his § 2255 motion, the Local Rules limited the length of briefs to 20 pages at 13 point type.

Defendant' motion to vacate does not come close to complying with L.R. 7.1. At 208 pages, it exceeds the length allowable at the time of its filing by a factor of 10, and it appears to be produced in 12 point type. Even if I were inclined to grant Defendant a *reasonable* extension of the page limit based on the number or complexity of the issues raised, a 208-page tome, written in smaller type, is far beyond anything that would be considered reasonable. When writing briefs, attorneys are advised to use a scalpel rather than a hatchet; a *pro se* litigant such as Mr. Schuttpelz *might*, in some circumstances, be given leave to use a knife, but would certainly not be permitted a chain saw.[1]

Given the vastly excessive length of Defendant's motion to vacate and its blatant non-compliance with L.R. 7.1(d)(3)(A), the government's motion to strike should be granted, and the Defendant's request to file his motion to vacate notwithstanding its excessive length should be denied.

### III.   CONCLUSION

For these reasons, I recommend that the government's Motion to Strike Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255 [Doc. #158] be GRANTED, and that the Defendant's motion to vacate [Doc. #150] be STRICKEN.

I further recommend that Defendant's Motion in Opposition [Doc. #159] be DENIED.

---

[1] And as if 208 pages were not enough, Plaintiff has also moved to file a supplemental memorandum [Doc. #148].

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: June 29, 2016                     s/R. Steven Whalen
                                         R. STEVEN WHALEN
                                         UNITED STATES MAGISTRATE JUDGE

CERTIFICATE OF SERVICE

     I hereby certify on June 29, 2016 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants June 29, 2016.

                                                s/Carolyn M. Ciesla
                                                Case Manager for the
                                                Honorable R. Steven Whalen