UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                     Case No. 07-cr-20410

v.                                          Paul D. Borman
                                              United States District Judge

MICHAEL L. SCHUTTPELZ,

        Defendant,
_____/

**OPINION AND ORDER**
**(1) ADOPTING MAGISTRATE JUDGE STEVEN R. WHALEN'S JUNE 29, 2016 REPORT AND RECOMMENDATION (ECF NO. 161);**
**(2) OVERRULING DEFENDANT MICHAEL L. SCHUTTPELZ'S OBJECTIONS (ECF NO.182);**
**(3) GRANTING THE GOVERNMENT'S MOTION TO STRIKE DEFENDANT'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 (ECF NO. 158);**
**(4) ORDERING STRICKEN DEFENDANT'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 (ECF NO. 150); AND**
**(5) DENYING DEFENDANT'S MOTION IN OPPOSTION TO THE GOVERNMENT'S MOTION TO STRIKE (ECF NO. 159)**

On June 29, 2016, Magistrate Judge Steven R. Whalen issued a Report and Recommendation (ECF No. 161) in which he recommended that the Government's Motion to Strike Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF No. 158) be GRANTED, the Motion to Vacate Sentence (ECF No. 150) be STRICKEN, and Defendant's Motion in Opposition (ECF No. 159) be DENIED.

No timely objections were filed and on July 20, 2016, this Court entered an Order (1) ACCEPTING Magistrate Judge Whalen's Report and Recommendation; (2) GRANTING the Government's Motion to Strike; (3) ORDERING STRICKEN the Defendant's Motion to Vacate; and (4) DENYING Defendant's Motion in Opposition. (ECF No. 161.)

On November 9, 2016, after submission of Defendant's late filed Motion for Extension of Time to File Objections to Magistrate Judge Whalen's Report and Recommendation (ECF No. 164), the Court entered an Order in part (1) withdrawing its Order adopting the Report and Recommendation, (2) granting Defendant's requested extension, and (3) giving Defendant until December 27, 2016 to file Objections. (ECF No. 176,) On December 28, 2016, Defendant filed Objections to the Report and Recommendation (ECF No. 182).

The Court, having reviewed the record and conducting a *de novo* review under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72 of those portions of the Report and Recommendation to which specific objections have been filed, OVERRULES Defendant's Objections, ADOPTS Magistrate Judge Whalen's Report and Recommendation, GRANTS the Government's Motion to Strike, ORDERS STRICKEN Defendant's Motion to Vacate, and DENIES Defendant's Motion in Opposition, for the reasons set forth below.

## I. BACKGROUND

Following a jury trial, Defendant was convicted of Aggravated Sexual Abuse, 18 U.S.C. § 2241(c), Distribution of Child Pornography, 18 U.S.C. § 2252(a)(2), Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B), and Transportation of Child Pornography, 18 U.S.C. § 2252A(a)(1). He was sentenced to concurrent terms on each count, resulting in a sentence of 38 years imprisonment (ECF No. 112). The Sixth Circuit Court of Appeals affirmed his convictions (ECF No. 142), and the United States Supreme Court denied a writ of certiorari (ECF No. 145).

Defendant then filed a Motion to Vacate Sentence Under 28 U.S.C. § 2255. (ECF No. 150.) His submission totals 208 pages. The Government moved to strike Defendant's motion as violative of E.D. Mich. L.R. 7.1(d)(3) which, at the time Defendant filed his § 2255 motion, limited motions to 20 pages in length. (ECF No. 158.)

In response, Defendant filed a Motion in Opposition of the Government's Motion to Strike (ECF No. 159), in which he argued that because of the number of issues he raises, and in deference to his *pro se* status, his motion to vacate "should be allowed to stand and be heard by this Court." He did not argue that he should be allowed to refile a proper length motion.

On June 29, 2016, Magistrate Judge Whalen entered a Report and Recommendation in which he recommended that (1) the Government's Motion to

3

Strike Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF No. 158) be GRANTED, (2) the Motion to Vacate Sentence (ECF No. 150) be STRICKEN, and (3) Defendant's Motion in Opposition (ECF No. 159) be DENIED. Magistrate Judge Whalen found that Defendant's 208 page Motion to Vacate "does not come close to complying with [E.D. Mich.] L.R. 7.1 … exceed[ing] the length allowable at the time of its filing by a factor of 10, and it appears to be produced in 12 point type," in violation of L.R. 5.1. (*Id.* PageID.2826-27.) Magistrate Judge Whalen concluded that "[g]iven the vastly excessive length of Defendant's motion to vacate and its blatant non-compliance with L.R. 7.1(d)(3)(A), the government's motion to strike should be granted, and Defendant's request to file his motion to vacate notwithstanding its excessive length should be denied." (*Id.* PageID.2827.)

No timely objections to the Report and Recommendation were filed and on July 20, 2016, this Court entered an Order (1) ACCEPTING Magistrate Judge Whalen's Report and Recommendation; (2) GRANTING the Government's Motion to Strike; (3) ORDERING STRICKEN the Defendant's Motion to Vacate; and (4) DENYING Defendant's Motion in Opposition. (ECF No. 161.)

Two days later, on July 22, 2016, Defendant filed a Motion for Extension of Time to File Objections to Magistrate Judge Whalen's Report and Recommendation, stating that he did not receive the June 29, 2016 Report and Recommendation until

the evening of July 11, 2016, and thus, considering his *pro se* prisoner status, he lacked sufficient time to file his objections timly. (ECF No. 164).

Defendant subsequently appealed the Court's Order adopting the Report and Recommendation, as well as other orders by this Court. (ECF Nos. 168, 169, 170, 171.) On October 21, 2016, the Sixth Circuit Court of Appeals issued an Order holding certain appeals in this 28 U.S.C. § 2255 proceeding in abeyance and remanding to this Court for the sole purpose of determining whether to grant or deny a certificate of appealability as to those appeals. (ECF No.175, Sixth Circuit Order, Case No. 16-2290.)

In response to the Sixth Circuit's remand order, this Court entered an Order on November 9, 2016, in part withdrawing its Order Accepting Magistrate Judge Whelan's June 29, 2016 Report and Recommendation, and granting Defendant's July 22, 2016 motion for extension of time to file objections to the Report and Recommendation. (ECF No. 176.). The Court gave Defendant until December 27, 2016 to file Objections to the Report and Recommendation. (ECF No. 176.)

On December 28, 2016, Defendant filed Objections to the Report and Recommendation. (ECF No. 182.) Defendant argues that the Court neglected or misrepresented the issues before it, including Defendant's argument in his Motion in Opposition to the Government's Motion to Strike that he believed he was not in violation of E.D. Mich. L.R. 7.1 because that local rule does not apply to his § 2255

motion. Defendant further asserts that he used the form for § 2255 motions provided to him by the Court and, as a *pro se* litigant, his motion should be liberally construed. Defendant again argues that the Court should accept his oversized motion, but does not seek leave to file a proper length motion.

The Government did not file a response to Defendant's Objections.

## II.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate[ judge]'s report that the district court must specially consider." *Id.* (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any

effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Sec'y of Health & Human Serv.*, 932 F.2d 505, 509 (6th Cir. 1991)).

### III. ANALYSIS

Motions to vacate under 28 U.S.C. § 2255 are civil proceedings. *Martinez v. United States*, 865 F.3d 842, 844 (6th Cir. 2017). Because of that, the local rules apply to Defendant's motion. E.D. Mich. L.R. 1.1(c) ("These rules apply to civil and criminal actions.). "A district court may deny a motion to vacate on the ground that the petitioner's brief violates its local rules on the maximum length of briefs." *Hansberry v. United States*, No. 21-2733, 2022 WL 1010281, at *2 (6th Cir. Mar. 15, 2022) (citing *Martinez*, 865 F.3d at 843-44).

E.D. Mich. Local Rule 7.1(d)(3)(A) governs the length of briefs filed in support of motions in this Court. In its current form, the Rule provides as follows:

> **(3) Length of Briefs.**
>
> (A) The text of a brief supporting a motion or response, including footnotes and signatures, may not exceed 25 pages. A person

7

> seeking to file a longer brief may apply ex parte in writing setting forth the reasons.

In addition, L.R. 7.1(b)(1) requires that all motions must comply with L.R. 5.1. In turn, L.R. 5.1(a)(3) provides that all papers presented for filing "must be no smaller than 10-1/2 characters per inch (non-proportional) or 14 point (proportional)." At the time Defendant filed his § 2255 motion, the Local Rules limited the length of briefs to 20 pages at 13 point type.

Magistrate Judge Whelan found that, even considering Defendant's *pro se* status, "Defendant'[s] motion to vacate does not come close to complying with L.R. 7.1. At 208 pages, it exceeds the length allowable at the time of its filing by a factor of 10, and it appears to be produced in 12 point type." (ECF No. 161, PageID.2827.) Magistrate Judge Whalen concluded that "[g]iven the vastly excessive length of Defendant's motion to vacate and its blatant non-compliance with L.R. 7.1(d)(3)(A), the government's motion to strike should be granted, and the Defendant's request to file his motion to vacate notwithstanding its excessive length should be denied." (*Id.*)

In his Objections, Defendant fails to identify any error in Magistrate Judge Whelan's analysis. He principally restates the arguments he made in his Motion in Opposition to the Government's Motion to Strike – that he was not bound by E.D. Mich. L.R. 7.1 when filing his § 2255 Motion, and that the Court should grant him leniency in the filing of his 208 page Motion given his *pro se* prisoner status. He

8

further complains of the characterization of his motion as "a 208-page tome" as "unethical" or "unprofessional." However, an objection that "merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *See Aldrich*, 327 F. Supp. 2d at 747; *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) ("[A]n objection that does nothing more than state a disagreement with the magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72."). Further, a careful review of Magistrate Judge Whelan's Report and Recommendation reveals that it is proper and in no way "unethical" or "unprofessional." Rather, the Magistrate Judge properly characterizes the length of Defendant's motion and properly states the law.

Moreover, contrary to Defendant's assertion in his Objections that he was not required to comply with E.D. Mich. L.R. 7.1 when filing his motion to vacate, the Sixth Circuit Court of Appeals has held that § 2255 motions are civil proceedings governed by the Court's local rules, and that the district court may correctly apply its local rules. *See Martinez*, 865 F.3d at 843-44 (holding that "[a] motion to vacate under § 2255 is a 'motion' as contemplated by the local rule" and that the district court's Local Rule 7.1 placed a 20-page limit on such motions filed with the court). In response to the Government's motion to strike, and in his Objections to the Report

9

and Recommendation, Defendant continues to insist that he be allowed to file his 208 page motion despite this Court's local rules. (ECF No. 159.) Magistrate Judge Whelan properly found that Defendant's 208-page § 2255 motion clearly exceeded the page limitation set forth in this Court's Local Rules.

Moreover, Magistrate Judge Whalen expressly considered Defendant's *pro se* status and the leniency generally afforded such litigants in rendering his Report and Recommendation, when finding that the "vastly excessive length of Defendant's motion and blatant non-compliance with L.R. 7.1(d)(3)(A)" nevertheless supported granting the Government's motion to strike. (ECF No 161, PageID.2827.) This finding is not in error. *See United States v. Hansberry*, Nos. 15-cr-20217-1, 20-cv-12934, 2021 WL 2646084, at *2 (E.D. Mich. June 28, 2021) (finding that the defendant's *pro se* status "does not preclude [him] from concisely briefing the motion" and "order[ing] the Clerk of the Court to strike the [oversized] brief for violating local rules"); *see also Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (recognizing that "[t]he leniency granted to pro se [litigants] … is not boundless").

The Court finds that Magistrate Judge Whelan gave ample reasons for granting the Government's motion to strike Defendant's § 2255 motion, and such a decision is not evidence of bias. "[A] district court has broad discretion to manage its docket" – including by striking a document filed in violation of its local rules. *See American Civil Liberties Union of Ky. v. McCreary Cnty, Ky.*, 607 F.3d 439, 451

10

(6th Cir. 2010) (holding that "based on the district court's power to manage its own docket, the court had ample discretion to strike Defendants' late renewed motion for summary judgment"); *see also Martinez*, 865 F.3d at 844; *A. Bauer Mech., Inc. v. Joint Arbitration Bd. of Plumbing Contractors' Ass'n & Chicago Journeymen Plumbers' Local Union 130, U.A.*, 562 F.3d 784, 790 (7th Cir. 2009) ("Implicit in this basic principle is the authority to enforce local rules or practices that enable a district court to manage its docket as efficiently and speedily as possible, particularly where there is no risk of unfair prejudice to the litigants.").

The Court finds upon its review of the underlying motions, objections, and the Magistrate Judge's Report and Recommendation, that Magistrate Judge Whalen properly addressed the issues before him and exercised proper and suitable discretion to strike Defendant's 208 page Motion to Vacate.

## IV. CONCLUSION

For all of the reasons stated above, the Court hereby:

(1) OVERRULES Defendant's Objections (ECF No. 182);

(2) ADOPTS Magistrate Judge Whelan's June 29, 2016 Report and Recommendation (ECF No. 161);

(3) GRANTS the Government's Motion to Strike (ECF No. 158);

(4) ORDERS STRICKEN Defendant's Motion to Vacate (ECF No. 150); and

(5) DENIES Defendant's Motion in Opposition to the Government's Motion to Strike (ECF No. 159).

IT IS SO ORDERED.

Dated: January 24, 2024                                s/ Paul D. Borman
                                                       Paul D. Borman
                                                       United States District Judge